## BOSTON & MAINE RAILROAD v. STATE.

A tax-payer who has paid more than his share of public expense may be entitled to interest on the excess abated by such an order, as justice requires.

APPEAL from the assessment of the plaintiffs' tax of 1884. Facts agreed.

The board of equalization valued the plaintiffs' road in New Hampshire at $2,000,000, and assessed the tax accordingly, which the plaintiffs paid, under protest, October 30, 1884. This appeal was immediately taken, on which the valuation was reduced $200,-000, the tax assessed, and reduced $2,473.40, and an order reducing the tax has been certified to the state treasurer, who gave credit for the sum of $2,473.40 on the plaintiffs' tax due October 30, 1885. The plaintiffs claim one year's interest on the reduction.

*Albin & Martin*, for the plaintiffs.

*The Attorney-General*, for the State.

BINGHAM, J. The plaintiffs were required by law "to pay an annual tax as near as may be in proportion to the taxation of other property in all the cities and towns of the state." Laws of 1881, *c.* 53, *s.* 1.

It has been adjudicated that the plaintiffs were wrongfully required to pay the sum of $2,473.40 more than their legal annual tax for 1884, and paid the same to the state, under protest, October 30, 1884. The plaintiffs claim that they were entitled not only to the sum wrongfully taken, but to interest on the same to the time it was applied to their use.

They could not be taxed for a greater sum than their proportional and equal share with the other property in the state, ascertained as nearly as it reasonably could be. *Railroad* v. *State*, 60 N. H. 87. This, however, has been done, and the taking and detention of the principal sum was the act of the defendants, and not the fault of the plaintiffs.

In actions of tort, the ordinary rule of damages is the value of the property taken, with interest. *Felton* v. *Fuller*, 35 N. H. 226; *Adams* v. *Blodgett*, 47 N. H. 219; *Thompson* v. *Railroad*, 58 N. H. 524; *Parrott* v. *Ice Co.*, 46 N. Y. 361, 369; *Schwerin* v. *McKie*, 51 N. Y. 180, 187.

A party aggrieved at the decision of the board of equalization may apply by petition, within one year, "to the supreme court at its law term, which shall give such notice to the parties, and such hearing, and make such orders in the same as justice may require." G. L., *c.* 61, *s.* 9. The statute gives the court, in this proceeding, power to determine the question now raised.

Section 1, *c.* 53, Laws of 1881, provides that "the collection of any tax assessed against any railroad corporation shall be made, and the amount thereof distributed, as by law directed, notwithstanding any application of any such corporation for an abatement of the same; and if, upon such application, judgment shall be rendered for any reduction of such tax, the state treasurer shall credit and allow the same upon the tax against said railroad corporation collectible next subsequent to such judgment." This section of the statute is to be construed in connection with the authority given

the court in *s.* 9, *c.* 61, Gen. Laws, in which the court is to make such orders as justice may require.

It is not just that a tax-payer should be compelled to bear more than his share of the public expense. He would bear more than his share if he lost and the public gained a year's use of an excess by him paid. It could not have been the intention to impose an unjust loss of a year's interest. Justice requires that there should be an equitable adjustment of that loss. In actions at common law, involving like questions, interest would be allowed as part of the damages, and we think it should be in this case.

The clerk will cast the interest on the excessive payment in the plaintiffs' tax of 1884 from the date of its payment to October 30, 1885, and certify the same to the state treasurer.

*Case discharged.*

All concurred.