Hillsborough, }
  June, 1894. }

## KENNARD & a. v. MANCHESTER.

Taxation of the owner of real estate because of his net income from it, for a sum which, if placed at interest, would produce a sum equal to such income, is, in effect, taxation of the real estate, and is not authorized by law.

APPEAL, from the refusal of the assessors of Manchester to abate a tax. Facts found by the court. February 1, 1892, the plaintiffs leased to the New Hampshire Trust Company the " Stark Block " and the land on which it stood, in Manchester, for a term of fifty years, reserving an annual rental of $8,000. The lessees covenanted to pay all taxes and other assessments upon the premises and all expenses incurred in the maintenance and occupancy of the same, so that the rent should not be subject to any deduction whatsoever. Under authority contained in the lease, they took down the " Stark Block " and built " The Kennard " in its place. This block and the lot of land were taxed to the Trust Company in 1893, and they paid the taxes. The plaintiffs were taxed at the same time on the sum of $100,-000, nominally for " money on hand, at interest, or on deposit," but really for a supposed interest under the lease distinct from the land. This is the tax which the plaintiffs ask to have abated.

*James F. Briggs* and *Edwin F. Jones*, for the plaintiffs.

*Oliver E. Branch*, for the defendants.

CHASE, J. The division of the title of the property into two parts,—a term for years and the reversion in fee,—did not affect the extent or manner of its taxation. After the division, as before, the property was taxable as real estate, " at its full and true value in money," to the persons claiming it or to the persons in possession, if they would consent. P. S., c. 55, s. 2; c. 56, s. 14; c. 58, ss. 1, 7; *Atlantic & St. Lawrence Railroad Co. v. State*, 60 N. H. 133, 139, 143.

The source of the plaintiffs' income from the property would be the same whether it was derived from a use by themselves in mercantile or other business, or from a consideration paid for its use by others. In either case, the use of the property would yield the income. The $8,000 which the plaintiffs receive annually is their income from the use of the Kennard block and lot,— not from money at interest or on deposit.

One will not hold real estate "for the purpose of making a profit by letting it to tenants for rent unless he expects the rent will be more than enough to pay the annual tax and other expenses of the property. . . . His tenants are the payers of the tax, although it is assessed to him and collected of him by statute. He collects it of them by authority of the higher law, which . . . causes the land tax, assessed upon the landlord, to enter into the market rate of rent. As a tax on production and importation is a part of the cost paid by the consumer, so the annual tax of land is a part of its annual cost paid by the occupant and user." *Morrison* v. *Manchester*, 58 N. H. 538, 555. The Trust Company covenanted with the plaintiffs to pay directly to the parties entitled to the same the taxes and other annual charges upon the real estate, and to pay the plaintiffs, for their net income from the property, the sum of $8,000 annually. A tax assessed to the plaintiffs upon a sum which, placed at interest, would produce that income, is really a tax upon the Kennard block and lot, and a duplicate of the tax lawfully assessed against, and paid by, the Trust Company. If the plaintiffs occupied the property and received a net annual income of $8,000 from its use, no one would contend that they could be taxed on account of such income upon the sum of $100,000, or any other sum, in addition to the tax assessed upon the real estate. Adjoining property of equal value might be occupied by other owners with the same result in net income. The inequality that would result from sustaining the defendants' claim would be forcibly illustrated by such a state of facts. The constitution forbids such inequality of taxation. *State* v. *Express Co.*, 60 N. H. 219; *Cheshire County Telephone Co.* v. *State*, 63 N. H. 167; *Boston & Maine Railroad* v. *State*, 63 N. H. 571; *State* v. *Pennoyer*, 65 N. H. 113, 114, and authorities cited.

*Tax abated.*

SMITH, J., did not sit: the others concurred.