SOUTHERN RAILWAY CO. v. CITY COUNCIL OF GREENVILLE.

1. INTEREST—BURDEN OF PROOF.—One party illegally receiving or obtaining possession of the money of another is liable for interest from the day he takes it, unless he shows that he received it in such way that he did not use it, and the burden of proof is upon him.
2. CONTROVERSY WITHOUT ACTION—CODE, 374, CONSTRUED.—In a controversy without action, submitted under sec. 374 of Code, the Court looks only to the *facts* agreed upon, and will not be bound by *conclusions of law* stated in the agreed statement of facts.

Before EARLE, J., Greenville, April, 1896. Affirmed.

Controversy, without action, by Southern Railway Company against city council of Greenville, as to interest on sum of money illegally collected by defendant. Judgment for plaintiff. Defendant appeals.

*Mr. Joseph A. McCullough*, for appellant, cites: Rev. Stat., 1392.

*Mr. T. P. Cothran*, contra, cites: 47 S. C., 186; 1 N. & McC., 45; Cheves L., 63; Code, 297; 18 S. C., 600; 48 S. C., 175.

29—49

June 29, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is a sequel to the case between the same parties, reported in 45 S. C., 602, where the nature of .the case is fully stated. After the judgment in that case had been rendered, reversing the previous decision of the Circuit Court, and adjudging that the plaintiff was only liable for one, instead of two, license taxes, which had been paid under protest, the case came on for trial before his Honor, the late Judge Earle, who rendered judgment in favor of the plaintiff for the sum of $300, the amount adjudged to have been illegally exacted by the defendant as a license tax, with interest on the same from the 10th day of January, 1895, the date on which the same was paid to the defendant under protest.

From this judgment defendant appeals, solely upon the ground that there was error in allowing interest on the sum of $300 paid under protest. It is well settled in this State that interest is recoverable in an action for money had and received. *Goddard* v. *Bulow*, 1 N. & McC., 45; *Barrelli* v. *Brown*, 1 McC., 449; *Marvin* v. *McRae*, Cheves, 61; *Kimbrel* v. *Glover*, 13 Rich., 101, and *Ancrum* v. *Sloan*, 2 Speer, 594; which cases have been recently recognized in *Greer* v. *Latimer*, 47 S. C., at page 186. While this is the general rule, yet where it is shown that the money has not been used by the party receiving it, he may, possibly, be relieved from the payment of interest by showing that fact, the burden of which is upon him. As was said by Nott, J., in delivering the opinion of the Court in *Goddard* v. *Bulow*, *supra:* "I am also further of opinion that whenever money has been obtained by fraud, extortion, oppression, or by taking an undue advantage of the situation of the party, or by any unfair or unlawful means, that the manner of obtaining it furnishes sufficient evidence that it was done for the purpose of gain, and that the jury are authorized to give interest upon it." And Mr. Justice Cheves, in his separate concurring opinion in the same case, after reviewing the authorities and laying down

the principles upon which the right to recover interest on money had and received is founded, concludes in these words: "According to these principles, I think interest is due in this case, because it is for the recovery of money belonging to the plaintiffs, which the defendant had no legal right to exact or retain, and is a demand certain in its nature." So in *Marvin* v. *McRae, supra,* O'Neall, J., uses this language: "The use of money is always worth the legal rate of interest. He who receives the money of another is to be regarded as using it, unless it appears that he received it under such a character or in such a way that he could not use it without violating his duty. He who receives the money of another without any right to retain it, will not be supposed to keep it without putting it to use. The fact of a party being deprived of that which would produce interest, generally entitles him to demand it. * * * In the action for money had and received, the defendant is considered as in actual use of the plaintiff's money until the contrary appears. The use of it establishes the plaintiff's right to interest, and it is perfectly immaterial whether a legal implication or express evidence establishes the conclusion that the defendant is in the use of it. This action likewise proceeds upon the notion that the defendant withholds from the plaintiff money to which he is entitled. In either of these points of view, the plaintiff is clearly entitled to interest." Applying these principles to the case under consideration, it is clear that there is no error in allowing the interest claimed. By the previous decision in this case it was conclusively adjudged that the exaction by the defendant of the sum sued for was illegal and without authority of law. It was, therefore, the money of the plaintiff, illegally retained by the defendant ever since the 10th of January, 1895, during which time it must be assumed, under the authorities above cited, in the absence of any evidence to the contrary, that the defendant used it, and is, therefore, clearly liable for interest upon it.

Counsel for appellant, doubtless feeling the force of the

foregoing views, abundantly sustained by authority as they are, has attempted to take this case out of the operation of the well settled rule, by contending that, under the statements made in the agreement for the submission of this controversy without action, the plaintiff has restricted its demand to a simple return of the sum of $300, paid under protest, without any mention of interest thereon. Sec. 374 of the Code, providing for the submission of a controversy without action, reads as follows: "Parties to a matter in dispute, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the parties. The Court shall thereupon hear and determine the case, and render judgment thereon as if an action were depending." It will thus be observed that all that is required or contemplated by this provision of the Code is a statement *of the facts*—not conclusions of law—which shall be submitted to the Court, upon which the Court is to render such judgment as would be rendered upon the same state of facts if presented and proved in a formal action. It is manifest, therefore, that in considering a statement of this kind, the Court will look alone to the *facts* therein stated, without regard to any legal conclusions or legal principles that may be incorporated therein. The only question, therefore, presented by this submission was whether, under the facts therein stated, the plaintiff was "liable for two license taxes under the ordinances aforesaid or only one, or is each of the aforesaid roads liable for said tax." That question having been determined in the former decision in favor of the plaintiff, the legal incidents or consequences resulting from such adjudication was a matter purely for the Court and not for the parties to determine, without regard to the additional language unnecessarily in-

corporated in the submission, whereby the parties undertook to say what should be the legal result of the adjudication of the legal question submitted to the Court. When, therefore, the parties undertook to incorporate in the submission the further statement—*not* of a matter of *fact*, but a mere conclusion of law—it was, to say the least, a mere work of supererogation. It follows that the language relied upon by counsel for appellant as restricting the right of plaintiff to recover only the sum of $300, because no interest thereon is mentioned, cannot have the effect of forcing the Court to render a judgment for only that sum, if the Court should be of opinion that, under the facts agreed upon, the plaintiff was legally entitled to recover interest also. The idea that the plaintiff has, by contract, excluded its right to recover interest, is not tenable for another reason, as shown by Cheves, J., in his separate opinion in *Goddard* v. *Bulow*, *supra*—the right to recover interest on money had and received does not grow out of contract, but is a legal incident to the liability to return the money received and illegally retained. The liability, therefore, of the defendant to return the money illegally exacted from the plaintiff arose when the money was illegally exacted, and does not at all depend upon or grow out of any contract, either express or implied, made either then or afterwards, and interest, as we have seen, was a legal incident to such liability. Indeed, in some of the cases, the action for money had and received is treated as somewhat in the nature of an equitable action, based upon the principle that one who has received money belonging to another should *ex æquo et bono* be required to return the same. Again, upon the principle contended for by the appellant, we see no reason why it could not be claimed that where one executes a note payable one day after date, without any mention of interest, he should not be liable for interest—and this, of course, no one would contend for. In this case, as it has been conclusively determined that the defendant has exacted and received from plaintiff money which it had no legal right to do, and having

retained the same ever since the 10th of January, 1895, for its own use, as must be assumed, under the authorities hereinbefore cited, in the absence of any evidence to the contrary, there is no reason either in law or justice why it should not be required to pay interest thereon.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.