## Richmond

### COMMONWEALTH v. THE SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, MARYLAND, AND OTHERS.

November 13, 1930.

Present, Campbell, Holt, Epes, Hudgins and Gregory, JJ.

*W. W. Martin* and *Henry R. Miller, Jr.*, for the Commonwealth.

*Harrison & Harrison,* for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

This case is here upon a writ of error to a judgment of the Corporation Court of the city of Winchester. It was heard in this court with the case of *Commonwealth* v. *The Safe Deposit and Trust Company of Baltimore, Maryland, and Mary M. Steck, ante,* p. 452, 155 S. E. 895, this day decided. The primary question involved in each case is the applicability of section 69 of the Tax Code (Code 1930, page 2146) to the assessments of taxes under review. The only distinction in the facts of the two cases is that in the first case the tax had not been paid, while in the instant case the tax has been paid. It also appears that the assessment here involved is against all the beneficiaries under the will of Thomas Cover, Sr. For reasons stated in writing and filed with the record in *Commonwealth* v. *Safe Deposit Company and Steck,* the judgment rendered by the lower court against the Commonwealth was affirmed. For like reasons the judgment rendered in this case against the Commonwealth is affirmed.

This brings us to a consideration of the cross error assigned by defendants in error. On the trial of the case the lower court ruled that the defendants in error were entitled to a refund of the sum of $835.94, and by order directed a payment of this amount, but overruled the motion of applicants to allow interest on the judgment from the 16th day of November, 1927, that being the date on which the payment was made to the Commonwealth. This action of the court is assigned as cross error.

So far as the record discloses, the money was voluntarily paid by applicants; there was not even a suggestion that

the assessment was invalid. Under the circumstances, it was the duty of the examiner of records to make the assessment and the duty of the collecting officer to collect the tax.

■ It is well settled by the weight of authority that a tax voluntarily paid cannot be recovered unless the legislature has by statute authorized a proceeding to be brought for that purpose. *Leesburg* v. *Loudoun National Bank*, 141 Va. 244, 126 S. E. 196. In Virginia this right has been accorded the taxpayer by statute, section 2389, Code of 1919, but there is no provision in the statute for the recovery of interest in case a refund is ordered by the court.

■ Applicants had every opportunity to attack the validity of the assessment prior to the payment of the tax. Failing so to do, they are bound by the limiting provisions of section 2389.

■ The rule is well stated in *Schlesinger* v. *Wisconsin* (1928), 195 Wis. 366, 218 N. W. 440, 441, 57 A. L. R. 352, as follows:

"The great weight of authority on this question supports the rule established by the Supreme Court of the United States and by the English Court of Appeals that 'interest, when not stipulated for by contract, or authorized by statute,* * * is not to be awarded against a sovereign government, unless its consent to pay interest has been manifested by an act of its legislature, or by a lawful contract of its executive officers.* * *' Sir George Jessel, Master of the Rolls, speaking for the Court of Appeal, summed up the law of England in this short judgment: 'There is no ground for charging the Crown with interest. Interest is only payable by statute or by contract.'"

■ And again at page 369 of 195 Wis., 218 N. W. 440, 441:

"When a tax refund statute is silent as to interest, it does not imply that interest should be paid. 'On the contrary, the intention thereby disclosed is in denial of interest under it.'"

Further, we find at page 370 of 195 Wis., 218 N. W. 440, 441:

"While the overwhelming weight of authority sustains the rule that interest cannot be allowed upon taxes that were illegally collected, in the absence of a statute providing for interest, there are a few jurisdictions where the contrary rule has been adopted. With a single exception, none of these cases, so far as we have found them, are against the State. None of these cases discuss the rule that the State is not liable to pay interest in the absence of a contract or a statute imposing that liability. These courts dispose of the matter without further discussion than to say that 'justice requires' the payment of interest (*Boston & M. R. Co.* v. *State*, 63 N. H. 571, 573, 4 Atl. 571; *Grand Rapids* v. *Blakely*, 40 Mich. 367, 370, 29 Am. Rep. 539), or that 'we see no reason why' a governmental agency 'should not be subjected' to interest the same as an individual (*Galveston County* v. *Galveston Gas Co.*, 72 Tex. 509, 519, 10 S. W. 583; *Southern R. Co.* v. *Greenville*, 49 S. C. 449, 451, 27 S. E. 652).

"The only case which adopts this minority rule that does not treat the right to recover interest as a mere incidental matter is *In re O'Berry*, 179 N. Y. 285, 72 N. E. 109, 110. The court there relied upon a general statute that required illegal taxes on real and personal property to be refunded, with interest, which was held 'to express the general policy of the State as to the refunding of taxes improperly collected,' thereby bringing the case within the rule that interest is not allowed upon refunded taxes unless authorized by statute. But the court also based its decision upon the proposition that justice to the estates of the dead requires the State to make the party paying the refunded tax 'good, just as an individual would under like circumstances.' Thus we see that the court bases its decision on both of

the conflicting rules discussed above. The rule of this case was abrogated by legislative enactment in New York."

This cross assignment of error is without merit.

The judgment of the lower court is plainly right and it will be affirmed.

*Affirmed.*