# Staunton

RAILWAY EXPRESS AGENCY, INCORPORATED V. COMMON-
WEALTH OF VIRGINIA.

September 8, 1954.

Record No. 4036.

Present, Hudgins, C.J., and Spratley, Buchanan, Miller, Smith
and Whittle, JJ.

The opinion states the case.

*J. H. Mooers, W. H. Waldrip, Jr., Thomas B. Gay, H.
Merrill Pasco* and *Hunton, Williams, Anderson, Gay &
Moore*, for the appellant.

*J. Lindsay Almond, Jr., Attorney General*, for the Com-
monwealth.

SPRATLEY, J., delivered the opinion of the court.

The appellant, Railway Express Agency, Incorporated, on July 16, 1951, filed with the State Corporation Commission its application, specifically under Code, § 58-1122,[1] for correction of the assessment of the 1950 gross receipts tax imposed on it, pursuant to § 58-547, and for a refund of the sum of $70,665.68 paid on September 15, 1950, pursuant to the assessment. A second application was filed by appellant on November 6, 1951, for correction of the 1951 similar assessment and for a refund of $66,454.71 paid on September 25, 1951, pursuant to that assessment. The tax, in each case, was paid under protest. The refunds were sought on the ground that, as applied to appellant, the tax is a burden on interstate commerce in contravention of the Commerce Clause of the Constitution of the United States, in that it is a license or privilege tax on a business solely interstate in character.

The application relating to the 1950 tax was filed eleven months after appellant had received a certified copy of the assessment of the tax and ten months after it had paid the

---

[1] "Sec. 58-1122. Petition for correction of taxes, etc., assessed by State Corporation Commission.—Any person or corporation feeling aggrieved by reason of any registration fee, franchise fee, charter tax, entrance fee, license tax, fee or charge assessed or imposed by or under authority of the State Corporation Commission against and collected from any corporation, domestic or foreign, or any fee paid under the provisions of chapter 8 of Title 13, *may, unless and except as otherwise specifically provided, within one year from the date of the payment of any such tax, fee or charge, apply to the State Corporation Commission for a correction of such assessment or charge and for a refund, in whole or in part, of the tax, fee or charge so assessed or imposed and paid*; provided that no payment shall be recovered after a formal adjudication in a proceeding in which the right of appeal existed and was not taken. Such application shall be by written petition, in duplicate and verified by affidavit. One copy of such application shall be delivered to the Attorney General, who shall represent the interest of the Commonwealth before the Commission as well as thereafter in case of appeal. Such application shall be filed with the Commission and shall set forth the names and addresses of every party in interest. (Code 1919, § 3775; 1920, p. 99; 1926, p. 524; 1928, p. 224; 1930, p. 917; 1932, p. 402; Tax Code, § 408.)" (Emphasis added.)

tax, and was thus within the limitation of the one year period prescribed by Code, § 58-1122. The 1951 application was filed within the three months time limitation prescribed by § 58-672.[2]

The two applications were heard jointly by the State Corporation Commission, and the Commission rendered a written opinion covering both cases. The Commission held that since application for relief from the 1950 tax was not filed within the time prescribed by Code, § 58-672, it was without jurisdiction to grant the relief requested. Relief sought in the case of the 1951 tax was denied on the ground that the tax was a property and not a license tax, and, therefore, imposed no burden on interstate commerce.

Final orders were entered dismissing the applications. We granted appeal as a matter of right. The cases came on to be jointly heard and we affirmed. *Railway Express Agency, Inc.* v. *Commonwealth of Virginia*, 194 Va. 757, 75 S. E. (2d) 61. However, in view of our conclusion that the tax was a valid property tax, we did not reach the question whether the application relating to the 1950 tax was timely filed. (194 Va. page 759)

Appeal was taken to the Supreme Court of the United States, and that court reversed, holding that the tax was a privilege tax and as such it could not be applied to the exclusively interstate business of appellant. *Railway Express Agency, Inc.* v. *Commonwealth of Virginia*, 347 U. S. 359,

---

[2] "Sec. 58-672. Application to Commission for review.—Any company or corporation, and the State or any county, city or town aggrieved by any action of the Commission in the ascertainment of, or the assessment for taxation of, the value of any property of any transportation company, transmission company or other public service corporation or in the ascertainment of any tax upon any such company or corporation or its property may, *at any time within three months after receiving a certified copy of such assessment of value or tax, apply to the Commission for a review and correction of any specified item or items thereof.* Such application shall set forth with reasonable certainty the item or items, of which a review and correction is sought, and the grounds of the complaint. If filed by any such company or corporation it shall be verified by affidavit. (1927, p. 221; 1928, p. 164; Tax Code, § 235.)" (Emphasis added.)

74 S. Ct. 558, 564, 98 L. ed. (Advance p. 482). The cause was remanded for such further proceedings as might be necessary and proper.

Thereafter, we adjudged that the Commonwealth of Virginia refund to the appellant the amount of the tax paid for 1951, with interest and costs, and ordered that the proceeding for refund of the 1950 tax be placed upon the docket of this court for the determination of the question of the timeliness of the filing of the application in that case.

The Commonwealth contends that § 58-672 provides the exclusive remedy available to appellant for the review, correction and refund of the 1950 tax assessed against it. Appellant claims that § 58-1122 provides it with an optional or alternative remedy, because the assessment was for a license tax which has been paid, and its application for the refund of the tax was filed within the period of limitation prescribed in the latter section, that is, within one year after the date of the payment of such tax.

The two sections overlap somewhat, in that each provides a remedy for the correction of tax assessments; but their provisions differ materially with respect to the nature of the tax assessed and the circumstances under which relief may be sought.

Section 58-672 provides, in large part, the means of contesting assessments on property. That this is so is indicated by the requirement that the application for relief "shall set forth with reasonable certainty the item or items, of which a review and correction is sought," and the provision in the following section, 58-673, that a copy of the application and notice of the time and place of hearing shall be served upon the taxpayer "or the State and each county, city or town whose revenue is, or may be, affected thereby." Only assessments made on property by the State Corporation Commission affect counties, cities and towns. Assessments by the Commission of license taxes on transportation and other public service corporations affect the

Commonwealth. Consequently, in Code, § 58-678, notice of a proceeding under § 58-672 is required to be served upon the State only if State revenue is affected by the assessment in question; while under § 58-1122 the Attorney General is required to represent the interests of the Commonwealth in all prooecedings thereunder.

Section 58-1122 does not provide for contesting any assessment of, or claiming a refund of, a property tax of any kind. It provides for the correction of an assessment of "any registration fee, franchise tax, charter tax, entrance fee, license tax, fee or charge," and for "a refund, in whole or in part, of the tax, fee or charge so assessed or imposed and paid." The gross receipts tax here involved, designated by § 58-547 as "an annual license tax," is, therefore, included in the foregoing specification of taxes, the erroneous assessment of which may be corrected and refund made of their payment, provided application for relief be filed within one year from the date of such payment.

Under § 58-672, the taxpayer may file an application for relief within three months after receiving notice of the assessment of the tax and before he pays the tax. However, in order to prevent the imposition of penalties in the event of denial of relief, he may pay the tax before or after filing his application; but such payment is not made a condition for relief. On the other hand, § 58-1122 may be invoked only after the tax has been "assessed or imposed" by the Commission and "collected" from the taxpayer.

If § 58-672 was intended to authorize the exclusive remedy for the relief of taxpayers therein specified, there appears no sufficient reason for the enactment of § 58-1122. It would have been a simple matter to have provided in § 58-672 that relief could be sought only thereunder.

Section 58-672 is a specific statute, under which an express company, which is included in the term "transportation company," (Section 153 Constitution of Virginia) may apply for correction of assessments before payment of the

tax assessed; while § 58-1122 is a broad, general statute for the correction of the assessment of a license tax or charge and for a refund of the tax paid. It is, as the appellant insists, one matter to have an assessment corrected before paying the tax, and another to secure a refund after the tax has been paid.

That the legislature specifically intended to prescribe a one year limitation for the refund of license taxes paid is further reflected in § 58-1125, which reads as follows:

"No person or corporation shall be entitled to any relief under the three preceding sections, unless his or its petition shall have been filed in the manner prescribed by § 58-1122 within one year from the date of payment of the tax, fee or charge complained of. (Code 1919, § 3775; 1920, p. 99; 1926, p. 524; 1928, p. 224; 1930, p. 918; 1932, p. 403; Tax Code, § 408.)"

Section 58-672 does not contain a provision for a refund of taxes paid. It does not provide specifically or otherwise that no remedy shall be available to the taxpayer for relief from an erroneous assessment. Section 58-1122 provides a remedy, under stated circumstances, which is not "otherwise specifically provided" by any other statute.

The provision in § 58-1122 that "No payment shall be recovered after a formal adjudication in a proceeding in which the right of appeal existed and was not taken," is merely a statement of the doctrine of *res judicata*. It recognizes that a proceeding might be available under some other section of the Code. Thus, if an assessment is contested before the Commission under § 58-672, or under any other section of the Code, and its validity determined in such proceeding, the question of tax liability cannot again be litigated in a proceeding under § 58-1122. The cited clause merely means that a taxpayer, who may be entitled to proceed under two or more tax statutes, is bound by the result in his choice of remedies and cannot later proceed under another statute for the same relief.

We conclude that the remedy provided by § 58-672 is

not the exclusive remedy available to appellant, and, therefore, its application for relief from the 1950 tax was timely filed under § 58-1122.

It is accordingly ordered and adjudged that the Commonwealth of Virginia refund to the appellant, Railway Express Agency, Incorporated, the payment of $70,665.68, with legal interest from September 15, 1950, until paid, and its cost by it expended herein.

*Reversed and final judgment.*