## Richmond

### Railway Express Agency, Incorporated v. Commonwealth of Virginia.

April 25, 1955.

Record No. 4036.

Present, All the Justices.

The opinion states the case.

*Hunton, Williams, Gay, Moore & Powell; H. Merrill Pasco, J. H. Mooers* and *W. H. Waldrop, Jr.,* for the appellant.

*J. Lindsay Almond, Jr., Attorney General* and *Frederick T. Gray, Special Assistant,* for the Commonwealth.

(Upon Rehearing.)

MILLER, J., delivered the opinion of the court.

In *Railway Express Agency, Incorporated* v. *Commonwealth* (Record No. 4036), 196 Va. 368, 83 S. E. (2d) 421, we held, and by order of September 8, 1954, directed, that the Commonwealth should refund to appellant corporation, hereinafter called Railway Express, taxes assessed against it for the year 1950 in the sum of $70,665.68, with interest from September 15, 1950, and the costs incurred in the litigation. The Commonwealth's petition for a rehearing challenged the correctness of the allowance of interest upon the principal sum refunded, and costs.

This protracted litigation originated on July 16, 1951, when Railway Express filed its petition before the State Corporation Commission "pursuant to the provisions of Section 58-1122," Title 58, Chapter 22, Article 1, Code of 1950[1], for correction of an alleged erroneous tax assessment for 1950, based upon its gross receipts from operations in this state and imposed under authority of § 58-547, Code of 1950. It sought refund of the sum of $70,665.68, paid under protest on September 15, 1950, with interest from that date.

On November 6 or 7, 1951, Railway Express also filed a petition for correction of the 1951 assessment imposed under authority of § 58-547 and sought refund of $66,454.71, paid

[1] Any person or corporation, feeling aggrieved by reason of any registration fee, franchise tax, charter tax, entrance fee, license tax, fee or charge assessed or imposed by or under authority of the State Corporation Commission against and collected from any corporation, domestic or foreign, or any fee paid under the provisions of chapter 8 of Title 13, may, unless and except as otherwise specifically provided, within one year from the date of the payment of any such tax, fee or charge, apply to the State Corporation Commission for a correction of such assessment or charge and for a refund, in whole or in part, of the tax, fee or charge so assessed or imposed and paid; provided that no payment shall be recovered after a formal adjudication in a proceeding in which the right of appeal existed and was not taken. Such application shall be by written petition, in duplicate and verified by affidavit. One copy of such application shall be delivered to the Attorney General, who shall represent the interest of the Commonwealth before the Commission as well as thereafter in case of appeal. Such application shall be filled with the Commission and shall set forth the names and addresses of every party in interest.

under protest on September 25, 1951, with interest from date of payment. This application was not filed under any specific section of the Code but was made "pursuant to the provisions of the statutes * * * in such cases made and provided."

In both applications the taxpayer charged that the tax was a license or privilege tax and a burden upon interstate commerce violative of the commerce clause, Article 1, § 8, par. 3, of the United States Constitution.

The application for refund of the 1950 tax was filed within one year after its payment as required by § 58-1122. The second application, which sought a correction of the alleged erroneous assessment and refund of the 1951 tax, was filed within three months after receipt of notice of the assessment as prescribed in § 58-672, Code of 1950. Section 58-672[2] is found in Title 58, Chapter 12, Article 16, and it provides for "review and correction" of the ascertainment or assessment made by the State Corporation Commission of any tax upon "any transportation company, transmission company or other public service corporation * * *." Section 153 of the Constitution of Virginia says "* * * the term 'transportation company' shall include * * * any express company * * *."

If the tax imposed under an erroneous ascertainment or assessment (correction of which is clearly allowed by § 58-672, Article 16) has been paid, its refund under order of the Commission is provided for and authorized by § 58-675, Article 16.

The applications were heard together by the State Corpora-

---

[2] Any company or corporation, and the State or any county, city or town aggrieved by any action of the Commission in the ascertainment of, or the assessment for taxation of, the value of any property of any transportation company, transmission company or other public service corporation or in the ascertainment of any tax upon any such company or corporation or its property may, at any time within three months after receiving a certified copy of such assessment of value or tax, apply to the Commission for a review and correction of any specified item or items thereof. Such application shall set forth with reasonable certainty the item or items, of which a review and correction is sought, and the grounds of the complaint. If filed by any such company or corporation it shall be verified by affidavit.

tion Commission. In its written opinion the Commission held that § 58-1122, Chapter 22, Article 1, was a general statute, and by its terms afforded the means for correction of taxes erroneously assessed by the State Corporation Commission unless "otherwise specifically provided * * *." Section 58-672, Chapter 12, Article 16, provided a remedy for correction of an erroneous assessment of taxes against a transportation company, and as refund of taxes paid by such a company was allowed by § 58-675, Chapter 12, Article 16, the Commission decided that no relief under § 58-1122 could be had by an express company. In short, the Commission concluded that the remedy provided by § 58-672 to a transportation company for correction of an erroneous assessment, supplemented by § 58-675, which allowed recovery of taxes, if paid, was specific and was the exclusive remedy available to an express company.

In dismissing the petition for correction and refund of the 1950 tax, the Commission said, "Section 58-1122 provides a catchall for cases not otherwise specifically provided for. * * * Our interpretation of the legislative intent is that a petition that can be filed under Article 16 cannot be filed under section 58-1122."

Relief from the 1951 assessment and refund of the tax paid for that year was denied by the Commission on the ground that the assessment was not for a license tax but for a property tax and thus did not infringe against the commerce clause. Upon appeal from final orders carrying these findings into effect, we affirmed the orders of the Commission in both proceedings. *Railway Express Agency, Incorporated* v. *Commonwealth* (Records No. 4036 and 4037), 194 Va. 757, 75 S. E. (2d) 61. However, our affirmance in each case was because we concluded that the tax imposed was not a franchise tax, but was a property tax on the going concern value of the corporation measured by its gross receipts, and not forbidden by the commerce clause.

We did not determine the question, as did the State Corporation Commission, of whether or not the application for

correction and refund of the 1950 tax (Record No. 4036), filed under § 58-1122, which allows an application to be made within a year of payment, could be maintained under that section by an express company.

Appeals from our judgments affirming the Commission's denial of refund of taxes for both years were taken to the Supreme Court of the United States. That court reversed our decision, 347 U. S. 359, 74 S. Ct. 558, 98 L. ed. 757, and in an opinion, dissented from by four justices, held that the tax imposed under authority of § 58-547, being based upon the gross receipts of the corporation which was engaged solely in interstate commerce in Virginia, was a privilege tax, and as such, constituted an undue burden upon interstate commerce prohibited by the commerce clause and was invalid. In the majority opinion, it is said:

"We think we can only regard this tax as being in fact and effect just what the Legislature said it was—a privilege tax, and one that cannot be applied to an exclusively interstate business." At page 369.

Upon remand of the cause by the Supreme Court of the United States to this court for such further proceedings as were right and just, and not inconsistent with its opinion, we ordered refund of the taxes collected for 1951, *with interest and costs*. Order of this court of May 5, 1954, Record No. 4037. This was proper.

When application is made to the State Corporation Commission for refund of taxes within the three months specified in § 58-672, Chapter 12, Article 16, if the Commission refuses relief, then upon appeal to this court, if our decision is in favor of the taxpayer, in whole or in part, legal interest upon the refund, with costs incurred by the taxpayer, is authorized and must be awarded by this court. Section 58-680, Chapter 12, Article 16, Code of 1950.

The petition for refund of the 1950 tax expressly stated that it was filed under § 58-1122. The State Corporation Commission decided that § 58-1122 (under which application for refund may be made within a year after payment of the

tax) could not be invoked by an express company. We affirmed but on other grounds, so upon reversal and remand to us by the Supreme Court of the United States, we heard argument upon the question of whether or not Railway Express could seek refund of the 1950 tax under § 58-1122. For if § 58-672, *et seq.*, Chapter 12, Article 16, furnished the only remedy available to Railway Express, then even though the tax was invalid, the petition for refund of the 1950 tax could not be maintained because of the three months' limitation in § 58-672. Upon deciding the question in *Railway Express Agency* v. *Commonwealth*, 196 Va. 368, 83 S. E. (2d) 421, we concluded that an application for correction of assessment and refund of taxes paid could be made by an express company under § 58-1122.

We there said:

"Section 58-672 provides, in large part, the means of contesting assessments on property. That this is so is indicated by the requirement that the application for relief 'shall set forth with reasonable certainty the item or items, of which a review and correction is sought,' and the provision in the following section, 58-673, that a copy of the application and notice of the time and place of hearing shall be served upon the taxpayer 'or the State and each county, city or town whose revenue is, or may be, affected thereby.' Only assessments made on property by the State Corporation Commission affect counties, cities and towns. Assessments by the Commission of license taxes on transportation and other public service corporations affect the Commonwealth. Consequently, in Code, § 58-678, notice of a proceeding under § 58-672 is required to be served upon the State only if State revenue is affected by the assessment in question; while under § 58-1122 the Attorney General is required to represent the interests of the Commonwealth in all proceedings thereunder.

"Section 58-1122 does not provide for contesting any assessment of, or claiming a refund of, a property tax of any kind. It provides for the correction of an assessment of 'any registration fee, franchise tax, charter tax, entrance fee, license

tax, fee or charge,' and for 'a refund, in whole or in part, of the tax, fee or charge so assessed or imposed and paid.' The gross receipts tax here involved, designated by § 58-547 as 'an annual license tax,' is, therefore, included in the foregoing specification of taxes, the erroneous assessment of which may be corrected and refund made of their payment, provided application for relief be filed within one year from the date of such payment.

"Under § 58-672, the taxpayer may file an application for relief within three months after receiving notice of the assessment of the tax and before he pays the tax. However, in order to prevent the imposition of penalties in the event of denial of relief, he may pay the tax before or after filing his application; but such payment is not made a condition for relief. On the otherhand, § 58-1122 may be invoked only after the tax has been 'assessed or imposed' by the Commission and 'collected' from the taxpayer.

"If § 58-672 was intended to authorize the exclusive remedy for the relief of taxpayers therein specified, there appears no sufficient reason for the enactment of § 58-1122. It would have been a simple matter to have provided in § 58-672 that relief could be sought only thereunder. (At page 371.)

＊　＊　＊　＊　＊　＊　＊

"We conclude that the remedy provided by § 58-672 is not the exclusive remedy available to appellant, and therefore, its application for relief from the 1950 tax was timely filed under § 58-1122." (At page 373.)

In ordering refund of the 1950 tax of $70,665.68, with interest from September 15, 1950, and costs, our attention was not directed to the fact that when refund is sought under § 58-1122, there is no statutory provision for the allowance of interest and costs against the Commonwealth, such as is expressly provided for by § 58-680 when the correction of the assessment is sought within the three months fixed in § 58-672 and denied by the Commission but allowed on appeal by this court.

█ Where statutory provision is made merely for refund of a tax erroneously assessed and collected, there is conflict of authority upon the question of whether or not the taxpayer is entitled to recover interest upon the sum refunded, and the costs incurred. 84 C. J. S., Taxation, § 639, p. 1311; 51 Am. Jur., Taxation, § 1172, p. 1008.

However, in 1930 in *Commonwealth* v. *Safe Deposit Co.*, 155 Va. 458, 460, 155 S. E. 897, Virginia definitely aligned itself with those decisions which are to the effect that where the statute allowing refund makes no provision for recovery of interest, no interest shall be awarded. In that case, we cited and quoted with approval from *Schlesinger* v. *Wisconsin*, 195 Wis. 366, 218 N. W. 440, 441, 57 A. L. R. 352, as follows:

"The great weight of authority on this question supports the rule established by the Supreme Court of the United States and by the English Court of Appeal that 'interest, when not stipulated for by contract, or authorized by statute, * * * is not to be awarded against a sovereign government, unless its consent to pay interest has been manifested by an act of its legislature, or by a lawful contract of its executive officers * * *. Sir George Jessel, Master of the Rolls, speaking for the Court of Appeal, summed up the law of England, in this short judgment: 'There is no ground for charging the Crown with interest. Interest is only payable by statute or by contract.' "

Other authorities to the effect that recovery of interest against the government upon refund of taxes may only be had if it be so provided by statute are, *Bertelsen & Petersen Engineering Co.* v. *U. S.*, 60 F. (2d) 745; *Angarica* v. *Bayard*, 127 U. S. 251, 8 S. Ct. 1156, 32 L. ed. 159; *Boston Sand & Gravel Co.* v. *U. S.*, 278 U. S. 41, 49 S. Ct. 52, 73 L. ed. 170; *Rosenman* v. *U. S.*, 323 U. S. 658, 65 S. Ct. 536, 89 L. ed. 535; 18 M. J., Taxation, § 101, p. 290.

█ When application for refund is delayed beyond the three months specified in § 58-672, Chapter 12, Article 16, and is sought and allowed under the provisions of § 58-1122,

Chapter 22, Article 1, we find no statutory authority by which award of interest and costs can be made by the Commission or by this court. Allowance of interest on the principal sum erroneously assessed, collected and ordered refunded and award of costs to the taxpayer may be had in this court only when application is made under § 58-672, *et seq.*, for our power to allow interest is derived solely from § 58-680. When application for correction of the erroneous assessment is timely made to the Commission as provided for in § 58-672, Chapter 12, Article 16, and denied, and then allowed, in whole or in part, by us on appeal, we are then, but only then, directed to award interest on the sum refunded. ′ Section 58-680. The provision for allowance of interest and costs by this court contained in that section may not be invoked when the application for correction of the assessment and refund is delayed beyond the time specified in § 58-672, Chapter 12, Article 16, and then sought and obtained under § 58-1122, Chapter 22, Article 1.

Nor may interest upon the sum erroneously assessed and collected be recovered under the provision of § 58-1159, Code of 1950, that:

"This chapter [Chapter 22—Erroneous Assessments] shall be construed to include taxes, levies, penalties and interest, or all of them."

This is an inclusive provision to make certain that relief may be had when a taxpayer has been erroneously assessed with state taxes, local levies, penalties or interest. The purpose is to make clear that penalties and interest wrongfully collected from the taxpayer may be refunded as well as taxes or levies so collected. But that does not mean that upon refund of a part or all of the taxes or levies erroneously imposed and collected, interest can be allowed on the sum refunded from the date of its payment by the taxpayer.

Section 58-1124, Code 1950, declares that the Commission shall sit as a court in determining the issue presented when application for relief is made under § 58-1122. In that capacity it is required to "consider all matters of law and fact

involved." If it be of opinion that the petitioner is entitled to relief "in whole or in part," it is required to certify to the Comptroller its findings to the end that refund may be made of the "erroneous or excessive amount so certified to have been paid." Irrespective of the amount involved, § 58-1126, Code 1950, insures an appeal of right to this court from the Commission's judgment by any interested party who considers himself aggrieved by its action under § 58-1124. Yet in neither § 58-1124 nor § 58-1126 is any mention made as to the allowance of interest, and we find no authority in any other section for the allowance of interest when correction of the assessment and refund are sought and obtained under § 58-1122, *et seq.*

For the reasons stated, the order entered herein on September 8, 1954, will be amended by the disallowance of costs and of interest on the principal sum of $70,665.68 that was by that order directed to be refunded to appellant.

*Modified and amended.*