# Richmond

RAILWAY EXPRESS AGENCY, INCORPORATED v. COMMON-
WEALTH OF VIRGINIA.

April 25, 1955.

Record Nos. 4350, 4351.

Present, All the Justices.

The opinion states the case.

*Hunton, Williams, Gay, Moore & Powell; H. Merrill
Pasco, J. H. Mooers* and *W. H. Waldrop, Jr.,* for the appel-
lant.

*J. Lindsay Almond, Jr., Attorney General* and *Frederick T. Gray, Special Assistant,* for the Commonwealth.

MILLER, J., delivered the opinion of the court.

On October 29, 1952, and on November 13, 1953, Railway Express Agency, Incorporated, hereinafter called Railway Express, presented its applications to the State Corporation Commission for correction of alleged erroneous tax assessments made against it under authority of § 58-547, Code of 1950. In its respective petitions filed "pursuant to the provisions of the statutes of the State of Virginia in such cases made and provided," it sought refund of taxes in the sum of $99,660.78 assessed for 1952 and paid on September 29, 1952, and refund of taxes in the sum of $144,872.16 assessed for 1953 and paid September 23, 1953, with interest from the date of each payment.

The taxes for each year were paid under protest, and each petition was filed within the three months after notice of assessment of the tax as specified in § 58-672, Title 58, Chapter 12, Article 16, Code of 1950.

At the time the petition for refund of the 1952 tax was filed, there were pending and undecided in this court the joint appeals taken by Railway Express from decisions of the Commission denying refund of similar taxes imposed for years 1950 and 1951. Upon our affirmance on March 9, 1953[1], of the Commission's denial of refund of those taxes, appeal was taken by Railway Express to the Supreme Court of the United States. During the time the case was pending in that court, Railway Express filed its petition before the Commission for refund of the 1953 tax. Thus the question of whether or not refund of the 1950 and 1951 taxes could be obtained had not been finally decided when these applications were made to the Commission for refund of the 1952 and 1953 taxes.

[1] *Railway Express Agency, Inc.* v. *Commonwealth* (Records No. 4036 and 4037) 194 Va. 757, 75 S. E. (2d) 61.

On April 5, 1954, our decision sustaining the Commission's refusal to order refund of the 1950 and 1951 taxes was reversed by the Supreme Court of the United States.[2] That court held that the taxes were franchise taxes, and as Railway Express was engaged only in interstate commerce in Virginia, imposition of the taxes upon such interstate business was violative of the commerce clause of the United States Constitution. Under authority of that decision those taxes have been refunded[3].

When Railway Express filed its petitions before the Commission for correction of the assessments and refund of the 1952 and 1953 taxes, they were accompanied by letters of identical import advising the Commission that its appeals on the former applications were still pending in this court or in the Supreme Court of the United States. In these letters Railway Express requested that the two applications be docketed and continued. The letter of counsel which transmitted the 1952 petition follows:

"Gentlemen:

"In pursuance with the recent conversation which I had with Judge Catterall, I enclose the petition of Railway Express Agency, Incorporated for correction and refund of the license tax of 1952 of $99,660.78 of the above named corporation, and wish to confirm the statement then made to you, that this petition is not filed with the view of seeking a change in the amount of the assessment, but merely to object to its validity on the grounds stated in the petition.

"If the Company is liable for similar license taxation for the years 1950 and 1951, with respect to which there is now pending an appeal to the Supreme Court of Appeals of Virginia from the Commission's orders in Cases Nos. 10,629 and

[2] *Railway Express Agency, Inc.* v. *Commonwealth*, 347 U. S. 359, 74 S. Ct. 558, 98 L. ed. 757.

[3] Order of this court of September 8, 1954, in *Railway Express Agency, Inc.* v. *Commonwealth* (Record No. 4037), *Railway Express Agency, Inc.* v. *Commonwealth* (Record No. 4036) 196 Va. 368, 83 S. E. (2d) 421, *Railway Express Agency, Inc.* v. *Commonwealth* (Record No. 4036), this day decided, 196 Va. 1059.

10,767, this petition may be denied and dismissed, but if the 1950 and 1951 assessments are held invalid, either in the Supreme Court of Appeals of Virginia or in the United States Supreme Court, and a refund of the amounts paid is therefore made to the Company, I would expect to ask for similar action on the petition for a refund of the 1952 tax.

"Pending, therefore, a decision of the 1950 and 1951 cases, I would appreciate the Commission's entering an order filing the enclosed petition, docketing it and continuing it generally."

After receipt of these letters no action was had upon either petition until after the decision of the Supreme Court of the United States rendered April 5, 1954. *Railway Express Agency, Inc.* v. *Commonwealth*, 347 U. S. 359, 74 S. Ct. 558, 98 L. ed. 757, in which the taxes for 1950 and 1951 were adjudged invalid.

In keeping with the decision of the Supreme Court of the United States, the Commission by orders of May 14, 1954, directed refund of the taxes imposed for years 1952 and 1953 in the principal sums of $99,660.78 and $144,872.16, but denied recovery of any interest upon the sums refunded. Appeals of right were taken by Railway Express from these orders, and it now complains of the Commission's refusal to allow interest on the principal sums refunded. We are asked to order payment of interest on those sums.

██ In the absence of statutory authority allowing payment of interest, it is not recoverable from the government upon refund of taxes erroneously assessed, collected and ordered refunded. *Commonwealth* v. *Safe Deposit Co.*, 155 Va. 458, 155 S. E. 897, and *Railway Express Agency, Inc.* v. *Commonwealth* (Record No. 4036), this day decided, 196 Va. 1059.

██ In *Railway Express Agency, Inc.* v. *Commonwealth* (Record No. 4036) this day decided, we held that interest on a refund of taxes erroneously assessed and collected could be allowed by this court only if authorized by statute. Its allowance by us in that case was provided for by § 58-680,

but its allowance by the State Corporation Commission is not authorized by that section. That section is applicable and operative only when relief is refused by the Commission and upon appeal to us, refund is ordered in whole or in part. It provides for this court to allow interest when application for refund is timely made under § 58-672 and wrongfully refused. But it does not authorize the Commission to allow interest, and we find no statutory authority for the allowance of interest to Railway Express upon refund being granted by the Commission, which was ordered on these applications. It was not a matter of choice or discretion that confronted the Commission but rather a question of power. Certainly it was not intended that when all that could be rightly obtained before the Commission has been granted, then upon appeal of right to this court we may add interest to the principal refunded by the Commission.

In making provision for payment of interest under the conditions specified in § 58-680, it may be that the legislature thought that where a taxpayer has been erroneously assessed with and paid a tax and promptly applied for relief in the time fixed in § 58-672 and has been wrongfully denied refund by the Commission, and so put to the vexation and delay of appeal to obtain the relief to which he was rightly entitled, then in that event, he should be awarded interest and costs.

But whatever be the reason for permitting and requiring this court to order payment of interest when the conditions outlined in § 58-680, Chapter 12, Article 16, obtain, we find no statutory authority for allowance of interest by the Commission. Accordingly, we find no error in the Commission's action, and that being true, its judgment must be approved. Upon full affirmance no authority is given to this court by § 58-680 to allow interest, and we find no authority to do so given by any other statute.

The orders of the Commission are approved and affirmed.

*Affirmed.*