Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and Kinser, JJ., and Whiting, Senior Justice

BOARD OF SUPERVISORS OF
FAIRFAX COUNTY

v.  Record No. 962533    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                              October 31, 1997
FCS BUILDING ASSOCIATION

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

In this appeal, we consider whether the trial court erred in awarding interest on a refund of erroneously assessed real estate taxes when the local ordinance authorizing the payment of such interest was repealed prior to entry of the final judgment order.

In December 1995, FCS Building Association (FCS) filed a second amended motion for judgment and application for correction of assessments against the Board of Supervisors of Fairfax County (Board) for the 1990-1995 tax years regarding two parcels of land owned by FCS. In a bench trial, the court modified the assessments for tax years 1990, 1991, 1993, 1994, and 1995, and ordered the Board to refund FCS the principal amount of $129,353.18. The trial court also ordered interest on the refund for tax years 1990 and 1991 from the dates the taxes were paid. The Board appealed the trial court's judgment solely with respect to the award of interest.

The Board argues that interest cannot be awarded against a local government on a refund of erroneously assessed taxes without its consent. The Board notes that the ordinance authorizing such interest was repealed in 1992, more than four years before entry of the final order in this case. Prior to its

repeal in April 1992, former Fairfax County Code § 4-4-4 provided that

> [f]or tax year 1980 and subsequent years, all erroneously assessed taxes and any penalty and interest paid thereon . . . shall be repaid with interest at the same rate imposed for delinquent taxes.  Such interest shall run from the date such taxes were due or were paid, whichever is later.

The ordinance repealing this provision[*] specified that the repeal was effective immediately, and it did not contain a "savings clause" authorizing the payment of interest on any tax refunds ordered after the effective date of the repeal.  Thus, the Board argues that the trial court lacked authority to award interest to FCS, although FCS paid the erroneously assessed taxes for 1990 and 1991 before the ordinance was repealed.

In response, FCS asserts that, since former Fairfax County Code § 4-4-4 was effective when the erroneously assessed taxes were paid, FCS acquired a substantive right to interest on its excess payments at the time the payments were made.  FCS alleges that this substantive right could not be disturbed by retroactive application of the repeal of former Fairfax County Code § 4-4-4.  Thus, FCS contends that it is entitled to interest provided by the former ordinance despite its repeal.  We disagree with FCS.

Interest may be awarded against a sovereign only by its consent.  Railway Express Agency, Inc. v. Commonwealth, 196 Va. 1059, 1066, 87 S.E.2d 183, 187 (1955); Commonwealth v. Safe Deposit & Trust Co., 155 Va. 458, 460, 155 S.E. 897, 898 (1930).  A trial court may order interest on a refund of erroneously

---

[*]See Fairfax County Code § 22-92.4

assessed local taxes only if the payment of interest is authorized by an ordinance enacted pursuant to Code § 58.1-3991. City of Winchester v. American Woodmark Corp., 250 Va. 451, 460, 464 S.E.2d 148, 153 (1995); see Code § 58.1-3987.

Code § 58.1-3991 permits the governing body of any county, city, or town to enact an ordinance requiring the payment of interest on refunds of erroneously assessed local taxes.  The statute requires that any such ordinance provide that interest shall run from the date the taxes were due or were paid, whichever is later.  Absent such an ordinance, the local government has not furnished the consent required under the common law for the payment of interest by a sovereign.  See American Woodmark, 250 Va. at 460, 464 S.E.2d at 153; Railway Express Agency, Inc. v. Commonwealth, 196 Va. 1069, 1072, 87 S.E.2d 188, 190 (1955); Safe Deposit & Trust, 155 Va. at 460, 155 S.E. at 898.

An ordinance enacted pursuant to Code § 58.1-3991 does not create a substantive right but is purely remedial in nature. Substantive rights are included in that part of the law addressing the creation of duties, rights, and obligations. Commonwealth v. Rafferty, 241 Va. 319, 323, 402 S.E.2d 17, 20 (1991); Rotonda Condominium Unit Owners Ass'n v. Rotonda Assoc., 238 Va. 85, 89, 380 S.E.2d 876, 879 (1989); Shiflet v. Eller, 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984).  In contrast, remedial or procedural laws prescribe methods of obtaining redress or enforcement of substantive rights.  Rafferty, 241 Va. at 323, 402 S.E.2d at 20; Shiflet, 228 Va. at 120, 319 S.E.2d at 754.  Thus,

remedial laws do not create rights but merely operate in furtherance of already existing rights.  See Walke v. Dallas, Inc., 209 Va. 32, 35, 161 S.E.2d 722, 724 (1968).

Former Fairfax County Code § 4-4-4 was a purely remedial law because it provided a taxpayer a means of redress that was available only after the taxpayer established a substantive right to a refund under Code § 58.1-3984.  Once a trial court determined that taxes were erroneously assessed against a taxpayer and ordered a refund, the former ordinance provided a means of redress in furtherance of the taxpayer's already existing right to the refund.

As a remedial provision, this section was subject to repeal at the will of the Board as long as reasonable opportunity and time were allowed for the enforcement of substantive or vested rights.  See Harris v. DiMattina, 250 Va. 306, 312, 462 S.E.2d 338, 340 (1995); Creteau v. Phoenix Assurance Co., 202 Va. 641, 645, 119 S.E.2d 336, 340 (1961); Phipps v. Sutherland, 201 Va. 448, 452, 111 S.E.2d 422, 425 (1959); Duffy v. Hartsock, 187 Va. 406, 416, 46 S.E.2d 570, 574 (1948).  In repealing the ordinance, the Board exercised its authority to withdraw consent to pay interest on refunds of erroneously assessed taxes.  See Railway Express, 196 Va. at 1073, 87 S.E.2d at 190.  Since the repeal provision contained no "savings clause" authorizing interest on taxes erroneously paid prior to the repeal, the trial court erred in awarding FCS interest pursuant to a repealed ordinance.  See Terry v. McClung, 104 Va. 599, 601, 52 S.E. 355, 356 (1905).

For these reasons, we will reverse the trial court's award

of interest to FCS, modify the judgment accordingly, and enter final judgment in favor of FCS.

<u>Reversed in part,</u>
<u>modified,</u>
<u>and final judgment.</u>