Richmond

## JAMES WALLACE JACKSON FLETCHER, III

v.

## GEORGE C. TARASIDIS, SOUTHWESTERN SURGICAL CLINIC, INC. AND CAREY A. STONE

January 12, 1979.

Record No. 770568.

Present: All the Justices.

*J. Grant Corboy; Randolph D. Eley, Jr. (Martin & Corboy; Gilmer, Sadler, Ingram, Sutherland & Hutton*, on briefs), for plaintiff in error.

*George W. Wooten (John B. Spiers, Jr.; Spiers, Spiers & Mink; Hunter, Fox & Wooten*, on brief), for defendants in error.

PER CURIAM.

This appeal raises the questions whether the Medical Malpractice Act, Title 8, Chapter 39, Code §§ 8-911 through 8-922 (now Title 8.01, Chapter 21.1, Code §§ 8.01-581.1 through 8.01-581.12) (hereinafter, "the Act"), was applicable to plaintiff's cause of action and, if so, whether certain provisions of the Act violate the federal and state constitutions. The Act enjoys a presumption of constitutionality, and since we are of opinion the Act was inapplicable and the judgment must be reversed, we do not reach the constitutional issues plaintiff poses.

In the view we take of the case, the chronology of proceedings below and the effective dates of the relevant statutes are of crucial importance. On September 23, 1976, James Wallace Jackson Fletcher, III (plaintiff), filed a motion for judgment against George C. Tarasidis, Southwestern Surgical Clinic, Inc., and Carey A. Stone (defendants) claiming damages resulting from various acts of malpractice allegedly committed September 25, 1974. Defendants demurred and moved to dismiss on the ground plaintiff failed to comply with Code § 8-912 (now, § 8.01-581.2) which provides that "[n]o action may be brought for malpractice against a health care provider unless the claimant notifies such health care provider in writing prior to commencing the action." In reply, plaintiff admitted that he had given no such notice but contended that his case was not controlled by the Act.

The Act, of which this section is a part, became effective July 1, 1976, nearly 22 months after plaintiff's cause of action arose but some three months before his motion for judgment was filed. By final order entered December 30, 1976, the trial court ruled that plaintiff was bound by the Act and sustained the several motions to dismiss. Approximately three months later on March 25, 1977, Code § 8-924 (now, as amended, § 8.01-581.12:2 (Supp. 1978)) (hereinafter, "the exemption statute") became effective as an emergency measure. As then adopted, the exemption statute read as follows:

> The provisions of this chapter shall not apply to any cause of action which arose prior to July one, nineteen hundred seventy-six, and as to which the statute of limitations had not run prior to that date, regardless of the date any suit brought thereon is filed. Notwithstanding the foregoing, in actions which accrued prior to July one, nineteen hundred seventy-

six, if a claimant has filed notice under § 8-912 of this chapter, his cause of action and any defense thereto shall be governed by this chapter.

■ Construing this statute, defendants argue that the General Assembly intended that only "suits filed after March 25, 1977, on causes of action which accrued prior to July 1, 1976, be excluded from the medical malpractice review act". They base this argument in part upon the sentence included in the instrument of enactment, Acts 1977, c. 422, which states that "an emergency exists and this act is in force from its passage." But this sentence is merely the legislative device contemplated by Art. IV, § 13, Constitution of Virginia, and Code § 1-12 to advance the date the emergency measure is to become operative. Whether the statute was intended to have retrospective effect is a question governed by the rules of statutory construction. The express provisions of the statute plainly prove the affirmative of that question.

■ The next question is whether plaintiff's suit was covered by the exemption statute. In unmistakable terms, the General Assembly provided that, unless a claimant elected to proceed under the Act by filing the written notice it requires, the Act would not apply to causes of action which arose prior to its effective date, "regardless of the date any suit brought thereon is filed". Plaintiff's cause of action arose prior to the effective date of the Act, and the statute of limitations had not run against his cause on that date. For purposes of the exemption, then, it is utterly immaterial that his suit was not filed until after that date.

■ Even so, defendants argue further that the exemption statute cannot constitutionally operate to divest them of rights which, they say, the Act vested in them. For purposes of this opinion, we accept defendants' concession at bar that the Act is "clearly remedial and procedural in nature". A fortiori, the same is true of the exemption statute. The Act changed the former procedures by which rights and obligations are litigated; the exemption statute restored the former procedures in defined cases. Litigants hold no vested rights in procedural statutes, see Phipps, Adm'r v. Sutherland, 201 Va. 448, 453, 111 S.E.2d 422, 426 (1959), and we reject this argument.

■ Nor does a litigant, successful in the trial court, acquire a vested right upon entry of the judgment; the right is inchoate and does not become vested until the judgment has been affirmed on appeal or the time allowed for appeal has expired. Kennedy Coal

v. *Buck'n Coal*, 140 Va. 37, 45, 124 S.E. 482, 484-85 (1924); Annot., 171 ALR 1352, 1375 (1947).

██ At the time judgment was entered below, the exemption statute had not been enacted, and the judgment was correct when entered. The ultimate question, then, is whether the exemption statute must be applied in this Court. Acknowledging a split of authority, we have approved the rule that when, as here, vested rights are not divested, an appellate court will apply a statute adopted after the date of a judgment entered by a trial court, even though that statute changes the law in effect on that date and requires reversal of a judgment correct when entered. *Bain* v. *Boykin*, 180 Va. 259, 23 S.E.2d 127 (1942); *City of Norfolk* v. *Stephenson*, 185 Va. 305, 38 S.E.2d 570 (1946); *Shanahan* v. *Pocahontas Fuel Co.*, 194 Va. 303, 72 S.E.2d 639 (1952). *See generally*, Annot., 111 ALR 1317 (1937).

Applying the exemption statute, we hold that the Act was inapplicable to plaintiff's case. The judgment will be reversed; the case will be remanded; and plaintiff's motion for judgment will be restored to the docket for a trial on the merits.

*Reversed and remanded.*