## Richmond

### GEORGE A. ARMSTRONG

v.

### DR. RAMON R. ERASMO, ET AL.

Record No. 780625.

### MARY WELSH, ADMINISTRATRIX, ETC.

v.

### NEWPORT NEWS GENERAL AND NONSECTARIAN HOSPITAL ASSOCIATION, INCORPORATED, T/A, ETC., ET AL.

Record No. 780802.

February 29, 1980.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Robert A. Williams* (*Henry Frye; Williams, Luck & Williams; Frye & Johnson,* on brief), for appellant. [Record No. 780625].

*Robert Morrison; Donald C. Gehring* (*Charles R. Warren, Jr.; Carroll D. Rea; Warren Parker, Williams and Stilwell; Hazelgrove, Dickinson & Rea,* on briefs), for appellees. [Record No. 780625].

*Charles H. Burr* (*Stone, Bland and Pugh,* on brief), for appellant. [Record No. 780802].

*William V. Hoyle; Jack B. Russell* (*Kimberly T. Henry; Phillips M. Dowding; Hoyle, Corbett, Hubbard & Smith; Browder, Russell, Little, Morris & Butcher,* on brief), for appellees. [Record No. 780802].

*Amicus Curiae: F. William Kirby, Jr.; Melvin R. Manning; McCaul, Grigsby and Pearsall* (*F. William Kirby, Jr.; Melvin R. Manning; McCaul, Grigsby and Pearsall,* on brief), for appellant. [Record No. 780802].

COMPTON, J., delivered the opinion of the Court.

We consolidated for review these tort actions decided by separate trial courts but presenting a common issue. In each case the applicable two-year limitation period had passed when plaintiff filed suit for alleged medical malpractice. Each suit was instituted, however, within the period when the statute of limitations would have been tolled as the result of written notification of the alleged malpractice. Such notices were given under the provisions of recent enactments providing for medical malpractice review panels. We must examine several of

those statutes to decide whether the tolling provision should have been invoked under the facts presented.

Pleas of the statute of limitations were sustained in each case below and the plaintiffs' motions for judgment were dismissed. The cases were decided mainly on the pleadings, so no material factual conflicts exist on the issue we decide.

The following effective dates of statutes will become significant in both cases: July 1, 1976, March 25, 1977, and July 1, 1978. The importance of these dates will be apparent as we analyze the pertinent enactments and set forth the relevant facts of each case.

Prior to 1976, proliferation of so-called "medical malpractice cases" nationwide was a source of concern to the medical profession, to professional liability insurers and to the public generally. Recognizing that many aspects of the situation constituted a significant problem affecting the public health, safety and welfare of the Commonwealth, the General Assembly enacted legislation effective July 1, 1976 imposing a limitation on the liability of health care providers in such tort actions. Acts 1976, ch. 611 (hereinafter the Act). At the time, Chapter 39 was added to Title 8 of the Code making provision for medical malpractice review panels and for arbitration of medical malpractice claims. Code §§ 8-911 through -922 (Cum. Supp. 1976), now with additions and modifications §§ 8.01-581.1 through 8.01-581.12:2 (Repl. Vol. 1977 and Cum. Supp. 1979).

Chapter 39 first established certain definitions. Relevant to these cases, the term "Health care provider" included licensed physicians and hospitals. In addition, the new chapter provided, *inter alia,* for composition and selection of the panels, for conduct of the hearings, for admissibility of certain evidence, for rendition of a written opinion by the panel, and for promulgation by the Chief Justice of all necessary rules and regulations to carry out the provisions of the chapter.

As pertinent here, the Act further provided that no action could be brought for malpractice against a health care provider unless the claimant gave such provider written notice of the details of the alleged malpractice. Code § 8-912, now § 8.01-581.2 (hereinafter the Notice Statute). The Act also provided that notification of the claim given under the Notice Statute would toll the applicable statute of limitations for and including a period of 120 days following the notice. Code § 8-919, now § 8.01-581.9 (hereinafter the Tolling Statute).

The original Act did not specify which claims were subject to the panel procedure; it did not say whether it applied only to causes of action accruing after its effective date or whether it applied to causes of action accruing before the effective date but on which no suit had

been filed. Confusion and controversy arose over this issue. See *Fletcher* v. *Tarasidis,* 219 Va. 658, 250 S.E.2d 739 (1979). As a result, the 1977 General Assembly amended Chapter 39 by adding § 8-923 (actually codified as § 8-924, Interim Supp. 1977). That statute is the center of controversy in the cases at bar and provided:

> § 8-923. Chapter not applicable to actions arising prior to July one, nineteen hundred seventy-six.—The provisions of this chapter shall not apply to any cause of action which arose prior to July one, nineteen hundred seventy-six and as to which the statute of limitations had not run prior to that date, regardless of the date any suit brought thereon is filed. Notwithstanding the foregoing, in actions which accrued prior to July one, nineteen hundred seventy-six, if a claimant has filed notice under § 8-912 of this chapter, his cause of action and any defense thereto shall be governed by this chapter.

Acts 1977, ch. 422. The foregoing will be referred to as the Exemption Statute and is now part of Code § 8.01-581.12:2 (Cum. Supp. 1979). The Exemption Statute was enacted as emergency legislation effective March 25, 1977. Acts 1977, ch. 422 at 619.

Enactment of the Exemption Statute accelerated controversy over the timing provisions of the Act. The debate then focused on the second sentence of the Exemption Statute. Health care providers contended, as here, that on causes of action accruing prior to July 1, 1976 the sentence triggered the Tolling Statute, thus saving many claims from being time-barred, only if the notice had been filed before March 25, 1977. The claimants argued, as here, that the "has filed" language of the Exemption Statute meant that the statute of limitations was tolled if notice was given at any time before the limitation period ran on causes of action accruing before July 1, 1976, even though the notice was given after March 25, 1977.

As a result, the 1978 General Assembly endeavored to eliminate the uncertainty which had arisen over the meaning of "has filed." Effective July 1, 1978, the Exemption Statute was amended and reenacted with a second paragraph (hereinafter referred to as the Curative Paragraph) as follows:

> § 8.01-581.12:2. Article not applicable to actions arising prior to July 1, 1976.—(a) The provisions of this article shall not apply to any cause of action which arose prior to July one, nineteen hundred seventy-six, and as to which the statute of lim-

itations had not run prior to that date, regardless of the date any suit brought thereon is filed. Notwithstanding the foregoing, in actions which accrued prior to July one, nineteen hundred seventy-six, if a claimant has filed notice under § 8.01-581.2 of this article, his cause of action and any defense thereto shall be governed by this article.

(b) The term 'has filed', as used in this section, is deemed to include the filing of notice under § 8.01-581.2 (or under repealed § 8-912) of this article where such filing occurred prior to the expiration of any applicable statute of limitation when the cause of action arose prior to July one, nineteen hundred seventy-six. This subsection (b) shall be applied retroactively to such causes of action.

Acts 1978, ch. 262.

We now turn to the facts. In one case, appellant George A. Armstrong, the plaintiff below, sued appellees Dr. Ramon R. Erasmo and the Danville Memorial Hospital, defendants below, for personal injury damages allegedly caused by defendants' negligence in diagnosing and treating plaintiff's head injury suffered when he fell from an automobile.

In the other case, appellant Mary Welsh, Administratrix of the estate of Alice F. Fields, deceased, the plaintiff below, filed suit against the Newport News Riverside Hospital and other appellees seeking damages for the wrongful death of her decedent.* Plaintiff alleged the death resulted from defendants' negligence in the care and treatment of her decedent, who had entered the hospital to be voluntarily sterilized.

The chronology of events material to these cases follow an identical pattern. For clarity, these facts will be presented in the following chart.

| ARMSTRONG | | WELSH |
|---|---|---|
| *Date* | *Event* | *Date* |
| May 3, 1975 | Cause of Action Accrued | July 2, 1975 |
| July 1, 1976 | Effective Date of the Act | July 1, 1976 |
| March 25, 1977 | Effective Date of Exemption Statute | March 25, 1977 |

---

* The other appellees are: Phillip Ward, M.D., J. Donald James, M.D., Roger Denis, M.D., K. R. Vander Vennett, M.D., Bobbie L. Roberts, M.D., P. M. Fitzer, M.D., Frank E. Medford, M.D., Barry Gross, M.D., Donald Armstrong, M.D., Richard Sokol, M.D. and Peninsula Radiological Associates, Ltd.

| | | |
|---|---|---|
| May 2, 1977 | Notice of Claim | June 18, 1977 |
| Aug. 3, 1977 (93 days after notice) | Suit Filed | Sept. 28, 1977 (102 days after notice) |
| Feb. 7, 1978 | Plea of Statute of Limitations Sustained | March 13, 1978 |
| July 1, 1978 | Effective Date of Curative Paragraph | July 1, 1978 |
| July 25, 1978 | Appeal Awarded | July 26, 1978 |

In each case the respective trial courts ruled in favor of the defendant health care providers without the benefit, of course, of the yet-to-be-enacted Curative Paragraph. The courts below decided, in effect, that the statute of limitations applicable to these actions was not tolled by the post-March 25, 1977 notices, and thus the suits were time-barred because not instituted within two years after the causes of action accrued. The trial courts held that the phrase "has filed" in the Exemption Statute meant that plaintiffs must file notices of claim under the Notice Statute prior to March 25, 1977 in order to toll the limitations period for 120 days under the Tolling Statute.

The question presented on appeal is whether by giving notice under the Notice Statute subsequent to March 25, 1977, but prior to the expiration of the two-year limitation period, the respective plaintiffs invoked the Tolling Statute so as to prevent the claims from being time-barred.

Defendants argue the trial courts correctly interpreted the several statutes. Defendants contend the phrase "has filed," used in the Exemption Statute in the present perfect tense, expresses action completed at the time of speaking. Thus, they say, the enactment clearly means that notice of claim had to be filed by the effective date of the statute. This was not done in either case and consequently, they argue, the causes of action were time-barred when the suits were filed more than two years after the right to bring the actions accrued.

Defendants also maintain the 1978 Curative Paragraph may not properly be given the intended retroactive effect. They contend, principally relying on *Kesterson* v. *Hill,* 101 Va. 739, 743-44, 45 S.E. 288, 289 (1903), that once the statute of limitations ran, defendants had a vested right in the right to assert the limitation defense and that right cannot be taken away by retroactive legislation.

We do not agree with defendants. We think the statute of limitations

was tolled in each case. Thus, each suit was timely filed within the limitation period extended.

Adjudication of the issue presented involves, as plaintiffs argue, mainly a question of statutory interpretation and not, as defendants contend, just the questions whether the statute of limitations ran and whether vested rights were established.

■ Our analysis begins with the determination that the phrase "has filed" as used in the 1977 Exemption Statute is ambiguous. Manifestly, the expression is reasonably capable of being understood in two senses. The two meanings have been articulated by the adversaries in these cases and previously reviewed herein.

Because the language is ambiguous, we must construe the Statute to ascertain and give effect to the intention of the legislature. In doing so, we keep in mind the problems which had arisen after the effective date of the Act as to the procedure for those malpractice causes of action which had accrued during the two-year period prior to July 1, 1976. In some cases, such as *Fletcher* v. *Tarasidis, supra,* the claimant had filed suit in a timely manner without first complying with the Notice Statute and, after the statute of limitations had run, the trial court dismissed the suit. In other cases, such as those *sub judice,* notice had been filed within the period of the statute of limitations in a bona fide attempt to comply with the Act, but the lawsuit had not been instituted until after the statute of limitations had run. Those suits were also dismissed. Under either situation, the prosecution of the claims was frustrated, in major part, by the failure of the Act in its original form to specify which claims were subject to the panel procedure. During the transition period, which normally would have run from the effective date of the Act to the time when the statute of limitations expired in all tort malpractice claims accruing on and after July 1, 1974, there was a need to make just and reasonable provisions for the prosecution of such claims. The 1977 General Assembly sought to accomplish such an orderly transition when it enacted the Exemption Statute.

As we examine the entire Statute against the foregoing background, it is apparent that in the first sentence the General Assembly sought to eliminate from the operation of the Act (including the mandatory Notice Statute) causes of action, not time-barred, which arose prior to the effective date of the Act. *Fletcher* v. *Tarasidis,* 219 Va. at 661, 250 S.E.2d at 740. No reference was made in that sentence to notice and such suits filed without notice could proceed unhampered by the notice requirements of the Act. Transition to the Act's procedures was thus made more orderly.

To further accomplish a smooth transition, the legislature addressed in the second sentence an entirely different situation, as indicated in the introductory phrase, "Notwithstanding the foregoing." The situation covered is the pre-July 1, 1976 cause of action in which notice triggering the Tolling Statute is given. The defendants would have us say that the legislature only had in mind pre-July 1, 1976 causes of action in which notice had been filed before March 25, 1977, the effective date of the emergency enactment. Such an interpretation would eliminate from a uniform transition framework all pre-July 1, 1976 claims in which, as here, there had been bona fide compliance with the mandatory Notice Statute but in which suit had not been filed within the regular limitations period. We cannot presume such a harsh and unreasonable result was intended or a distinction was meant to be made between similarly situated claimants solely on the basis of when notice was filed.

One example will serve to demonstrate the inequitable nature of defendants' theory. Assume adult claimants A and B have valid malpractice causes of action which accrued on March 30, 1975. A files notice on March 24, 1977, B files notice on March 26, 1977, and both file suit on June 30, 1977. Under defendants' view, the Act applies to A but not to B. As to A, the statute of limitations is tolled and his suit may proceed. As to B, the statute is not tolled and his suit is time-barred. We will not attribute to the General Assembly an intention to provide for such an unreasonable result, given what we believe to have been an attempt to accomplish a reasonable and fair transition to the provisions of the Act.

Consequently, our construction of the language "has filed" is that the tense of the verb is designed to refer to notices filed not only before the March 1977 effective date of the Exemption Statute but also subsequent to that date, if filed within two years of the accrual of the pre-July 1, 1976 cause of action. This means that the Tolling Statute was triggered in both of these cases and that the trial courts erred in sustaining the respective pleas of the statute of limitations.

■ Because under our view of the cases the statute of limitations did not run on either claim, we do not reach for decision the question whether the 1978 Curative Paragraph was void because acquired rights may have been divested retroactively.

For these reasons, the judgment orders appealed from will be reversed and the cases will be remanded for trials on their merits.

*Reversed and remanded.*