**Marie CHAPMAN, Plaintiff,**

v.

**Milton EDGERTON, Defendant.**

**Civ. A. No. 79–0048–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Jan. 8, 1982.

Edward B. Lowry, Charlottesville, Va., for plaintiff.

David Craig Landin, Charlottesville, Va., for defendant.

**MEMORANDUM OPINION**

MICHAEL, District Judge.

This diversity action is presently before the court for determination of the standard of care applicable to the defendant in this case, a Board certified specialist in plastic surgery. On numerous occasions the standard of care in a medical malpractice action has been held to be a matter of substantive law, *Morgan v. Schlanger*, 374 F.2d 235 (4th Cir. 1967), and thus, under the doctrine expressed in *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82

L.Ed. 1188 (1938), this court is bound to apply the law of the Commonwealth of Virginia.

The instant cause of action accrued on March 7, 1977. Therefore, the sole question presented is what standard of care does Virginia law mandate for causes of action accruing on March 7, 1977. An examination of the Virginia Medical Malpractice Act as it was in effect on March 7, 1977, reveals that no standard of care was provided for in the Act. Some eighteen (18) days after the instant cause of action arose, the Virginia General Assembly enacted § 8–923, the statute which became known as the exemption statute. This statute provided that the provisions of the Act should not apply unless notice was given pursuant to § 8–912, to any cause of action which arose prior to July 1, 1976, even though the suit was not filed until after the effective date of the Act. The Virginia Code Commission later renumbered this statute § 8–924 (now § 8.01–581.12:2). During the same Session, the Virginia General Assembly enacted the standard of care statute which the Code Commission numbered § 8–923. Unlike the exemption statute, this statute did not become effective until July 1,. 1977.

 Plaintiff in this action contends that the standard of care statute as it has been amended or, in the alternative, as it stood when first put in effect July 1, 1977, applies retroactively to this cause of action. For this proposition, plaintiff cites *Fletcher v. Tarasidis*, 219 Va. 658, 250 S.E.2d 739 (1979). The court finds plaintiff's reliance to be misplaced. In *Fletcher, supra*, the Virginia Supreme Court addressed only the question of whether the exemption statute was to be applied retroactively, not the entire Act. The exemption statute is purely procedural and by its very wording clearly implies a legislative intent that it be applied retroactively. The standard of care statute, on the other hand, contains no language that implies it is to operate retroactively. This fact, coupled with the fact that the standard of care is substantive, not procedural, in nature leads this court to the conclusion that no statutory standard of care is applicable to this case. *See, Duffy v. Hartsock*, 187 Va. 406, 417, 46 S.E.2d 570 (1948).

 Finding the statutory standard not to apply here the court looks to the standard established by case law. The standard of care for specialists evolved from the Virginia Supreme Court's decisions in *Hunter v. Burroughs*, 123 Va. 113, 96 S.E. 360 (1918), and *Fox v. Mason*, 139 Va. 667, 124 S.E. 405 (1924). These decisions are embodied in that court's ruling in *Bly v. Rhoades*, 216 Va. 645, 222 S.E.2d 783 (1976), where it was held that the standard of care required of specialists in Virginia is that of other like specialists in good standing, in the same or similar localities as the defendant. This standard has been cited with approval and further explained in *Little v. Cross*, 217 Va. 71, 225 S.E.2d 387 (1976), and *Ives v. Redford*, 219 Va. 838, 252 S.E.2d 315 (1979). It is this standard, and the court's explanations of that standard, that will govern the competency of expert witnesses at trial.