## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Saylor

v.

Moon

Case No. (Law) CL940200

McAleer, Sr.

v.

Valley Nursing Homes, Inc., et al.

Case No. (Law) CL940381

August 25, 1994

BY JUDGE ALFRED D. SWERSKY

In *McAleer*, Defendants Alexandria Hospital and Naidorf have argued their respective pleas in bar and have been joined by the remaining Defendants. In a case involving similar issues, *Saylor v. Moon*, CL940200, arguments were made at the same time on Defendant Moon's plea in bar. Memoranda have been filed in both causes.

The pleas in bar will be denied.

In *McAleer*, notice of claim was filed on March 26, 1993, in accordance with provisions of the Medical Malpractice Act then in effect, alleging medical malpractice occurring on March 27, 1991. Pursuant to requests made by several of the providers, a panel was appointed by the Chief Justice on November 22, 1993. Discovery proceeded, and a panel hearing was scheduled for July 18, 1994. A request to rescind the panel was filed on May 23, 1994, and suit was filed the same day.

In *Saylor*, Plaintiff filed her notice of claim on May 10, 1993, alleging malpractice over a continuous course of time through May 31, 1991. A panel was requested by the provider and was designated by the Chief

Justice on September 1, 1993. Discovery deadlines were set and a hearing scheduled for March 1, 1994. Defendant rescinded his request by order entered on February 7, 1994, and this action was filed on March 14, 1994.

The pleas in bar in both cases turn on the effect of the legislature's repeal of the tolling provisions contained in Code of Virginia, § 8.01-581.9, which, if applied to both of these cases, would result in the sustaining of the pleas. Conversely, if the tolling provisions apply to these causes of action, then they both are appropriately filed.

I am aware of the cases decided by the various circuit judges around the state, the opinion of the U.S. District Court, and the certification of this question to the Supreme Court of Virginia by the United States Court of Appeals for the Fourth Circuit. These cases are decided on a "substantive versus procedural right" basis with the almost unanimous view that the tolling provisions are procedural in nature and that the legislature may change these provisions without infringing on Plaintiffs' rights. The analysis must go further.

The Supreme Court of Virginia has put varying interpretations on the provisions of the Medical Malpractice Review Act. In *Morrison v. Bestler*, 239 Va. 166 (1990), the Court held the provisions of § 8.01-581.2 (which prevent Plaintiffs from filing suit for a period of 90 days following the notice of claim) to be "a mandatory procedural requirement" (239 Va. at p. 123), but a violation of these provisions did not deprive the Court of subject matter jurisdiction. In *Turner v. Wexler*, 244 Va. 124 (1992), the Court, in determining whether a health care provider was covered by the original Act, or by a subsequent amendment, said:

> Even though former Code § 8.01-581.1 was amended by the General Assembly in 1989 to include professional corporations and certain other legal entities within the definition of "health care provider," *we must construe this statute as it existed when Turner's cause of action arose.* 244 Va. at p. 126 (emphasis added).

The Court did not discuss the substantive versus procedural nature of the rights involved. In *Wertz v. Grubb*, 245 Va. 67 (1993), the Court held that the provisions of the Medical Malpractice Review Act applied to actions under Virginia's Wrongful Death Act. The Court there discussed the reduction in Plaintiff's right to file suit and found that the tolling provisions of § 8.01-581.9 were "To compensate for that reduction and to guard against the possibility that the panel review may not be completed

before the expiration of the applicable statute of limitations . . . ." (245 Va. at p. 71). The Court went on to say, "Clearly Plaintiffs who suffer personal injuries from medical malpractice are entitled to *the benefits* of those statutory changes." (Emphasis added.)

At the time Plaintiffs filed their claim notices, the legislature had repealed the notice requirements of § 8.01-581.2 and the following provisions of § 8.01-581.9 effective July 1, 1993, without provision as to the effect on causes of actions already accrued. During this hiatus between the end of the legislative session and the effective date of the repeal, Plaintiffs were barred by the provision of § 8.01-581.2 from filing within 90 days of the required claim notices. Had suit been filed, the Defendants could have requested relief by way of dismissal without prejudice, stay, or abatement. *See Morrison v. Bestler, supra*, at p. 173. Under these circumstances, the Court finds that Plaintiffs had vested rights in the mandatory procedural requirements that barred them from filing for the 90-day time period and compensated them by the tolling provisions of § 8.01-581.9.

In *Starnes v. Cayouette*, 244 Va. 202 (1992), a case dealing with Defendants' vested rights after the expiration of a statute of limitations, the Court discussed "vested" as well as "substantive" rights and the protections afforded to such rights. (244 Va. at p. 209). See also, *Shiflet v. Eller*, 228 Va. 115 (1984). The Court in *Starnes* cites *Campbell v. Holt*, 115 U.S. 620 (1885) (dissenting opinion) in holding Defendant's rights to be as valuable as Plaintiff's rights and reaffirms that substantive as well as vested rights of both parties are entitled to due process protection.

In those cases relied on by Defendants in which the Virginia Supreme Court held that changes in statutes of limitation were procedural and thus subject to change by the legislature, Plaintiffs enjoyed no such vested rights. For example, in *Hurdle & Foelak v. Prinz and Meihm*, 218 Va. 134 (1977), Plaintiffs had no vested rights infringed by the legislative determination to lower the age of majority from 21 to 18. Plaintiffs had been free to file suit at any time after their causes of action accrued. Unlike the Plaintiffs in *Hurdle*, Plaintiffs here were statutorily required to file their claim notices and were barred from filing for 90 days. Under these circumstances, Plaintiffs' rights to the tolling provisions become vested. They cannot be infringed without violating Plaintiffs' rights to due process of law as guaranteed by the Constitutions of Virginia and the United States.

Further, the Court finds that pursuant to Code of Virginia, § 8.01-1, a miscarriage of justice would occur if the repeal of § 8.01-581.9 were applied to these facts and circumstances. Defendants argue that ample time

existed after July 1, 1993, to file suit within the time remaining under the applicable statute of limitations. While this may be true, it does not change the fact that Plaintiffs acted in good faith pursuant to the designation of panels by the Chief Justice and pursuant to the Rules of Court as they existed at the time. Discovery was under way, and all parties were involved in the panel proceedings. In *McAleer*, suit was filed the very day the provider's request for a panel was rescinded and in *Saylor* within 35 days of the date the panel was discharged. Defendants further argue that Plaintiffs are chargeable with knowledge of the change in the law from the date the legislature ended, thus having even more time to file suit. Such an argument ignores the law as it existed between the end of the legislative session and the effective date of the legislation as discussed in this opinion.

Plaintiffs faced the same dilemma faced by the Plaintiffs in *Armstrong v. Erasmo*, 220 Va. 883 (1980), i.e., whether to file a suit or a notice of claim. The Court in *Armstrong* held that a "harsh and unreasonable result" could not have been intended by the legislature. Likewise, the Court here cannot presume that the legislature intended harsh and unreasonable results to occur by the repeal of the tolling provisions. A miscarriage of justice would be caused by application of the repeal of the tolling provisions of § 8.01-581.9 to these causes of action.

In balancing the parties' rights in this regard, the Court notes that no prejudice is done to Defendants. Not only were all defendants aware of Plaintiffs' claims, they had the opportunity to learn the details of these claims and, indeed, did learn the details by availing themselves of the Medical Malpractice Review Act's discovery process. These claims are not "stale" and, hence, the purposes usually served by Statutes of Limitation, notice to Defendants of the existence of claims and the opportunity to prepare to defend against the claims, do not apply here. No injustice results to Defendants.

In view of this ruling, it is not necessary to rule on Plaintiffs' assertions as to retroactivity and estoppel.

The pleas in bar are denied.