Present:   All the Justices

MICHAEL HAAS
                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 010310                    March 1, 2002

JACK LEE, WARDEN, KEEN MOUNTAIN
CORRECTIONAL CENTER

              FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                      Thomas V. Warren, Judge

     The sole issue that we consider in this appeal is whether

the circuit court properly dismissed a petition for writ of

habeas corpus because it was not filed timely pursuant to Code

§ 8.01-654(A)(2).  This statute, which became effective July

1, 1998, states:

          "A petition for writ of habeas corpus ad
     subjiciendum, other than a petition challenging a
     criminal conviction or sentence, shall be brought
     within one year after the cause of action accrues.
     A habeas corpus petition attacking a criminal
     conviction or sentence, except as provided in
     § 8.01-654.1 for cases in which a death sentence has
     been imposed, shall be filed within two years from
     the date of final judgment in the trial court or
     within one year from either final disposition of the
     direct appeal in state court or the time for filing
     such appeal has expired, whichever is later."

     Michael Haas is incarcerated by the Virginia Department

of Corrections and detained at the Keen Mountain Correctional

Center.  He was convicted in 1994 of two counts of sodomy

against his two sons.  His punishment was fixed at two terms

of life imprisonment.

On June 30, 2000, Haas filed his petition for writ of habeas corpus against Jack Lee, Warden of the Keen Mountain Correctional Center. He alleged, among other things, that his due process rights were violated, that his trial counsel was ineffective, and that the Commonwealth's Attorney purportedly committed acts of misconduct.

The Warden filed a motion to dismiss and asserted that because Haas was convicted before the enactment of Code § 8.01-654(A)(2) and more than two years had passed from the date of the final judgment in the circuit court, he was required to file his habeas corpus petition, pursuant to orders entered by this Court, within one year from the effective date of Code § 8.01-654(A)(2). The Warden contended that Haas' petition must be dismissed because he was required to file it on or before June 30, 1999, but he did not do so. The circuit court agreed with the Warden and entered a final order dismissing the petition. Haas appeals.

Before the enactment of Code § 8.01-654(A)(2), a prisoner could file a habeas corpus petition at any time provided that the Commonwealth was not prejudiced in its ability to respond because of the prisoner's delay in filing. See Walker v. Mitchell, Warden, 224 Va. 568, 575-77, 299 S.E.2d 698, 702-03 (1983). After the enactment of this statute, a prisoner who had not been sentenced to death was required to file his

2

petition within two years from the date of final judgment in the circuit court or one year from either final disposition of the direct appeal in the state court or the time for filing such appeal has expired, whichever is later. The statute is silent, however, regarding the filing period for prisoners who were convicted before the enactment of Code § 8.01-654(A)(2).

We have stated the following principles that are pertinent here:

> "The generally accepted rule is that statutes of limitation, or remedial statutes, are not retrospective in their application in the absence of clear legislative intent. However, it is the settled law of this State that the legislature may declare a new or an amended statute dealing solely with matters of remedy and procedure, or one not affecting vested interests and contractual rights, to have a retrospective operation. Ferguson v. Ferguson, 169 Va. 77, 87, 192 S.E. 774, 777 [(1937)]; Gloucester Realty Corp. v. Guthrie, 182 Va. 869, 873, 30 S.E.2d 686, 688 [(1944)] . . . . Vested interests and contractual rights may not be impaired or destroyed, but mere matters of procedure and remedy for their enforcement or preservation may be altered, curtailed or repealed at the will of the legislature so long as reasonable opportunity and time are afforded to enforce and protect such interests and rights."

Phipps, Adm'r v. Sutherland, 201 Va. 448, 452, 111 S.E.2d 422, 425 (1959); accord Board of Supervisors v. FCS Building Association, 254 Va. 464, 467, 492 S.E.2d 634, 636 (1997); Harris v. DiMattina, 250 Va. 306, 311-12, 462 S.E.2d 338, 340 (1995); Shiflet v. Eller, 228 Va. 115, 119, 319 S.E.2d 750, 753 (1984); Fletcher v. Tarasidis, 219 Va. 658, 661, 250

3

S.E.2d 739, 740 (1979); Walke v. Dallas, 209 Va. 32, 36, 161 S.E.2d 722, 724 (1968).  We also held in Duffy v. Hartsock, 187 Va. 406, 416, 46 S.E.2d 570, 574 (1948), that matters of procedure, such as statutes of limitations, may be altered or curtailed by the legislature if a reasonable opportunity and time are afforded to enforce and protect any interests and rights, provided vested interests and contractual rights are neither impaired nor destroyed.

As the Warden correctly observes, this Court has routinely considered petitions for writs of habeas corpus filed within the statutorily prescribed one-year period.  We have also dismissed petitions as untimely that were filed by prisoners who were convicted before the enactment of Code § 8.01-654(A)(2), but who filed their petitions more than one year after the effective date of that statute.  Implicit in our prior practice is this Court's recognition that a period of one year constitutes a reasonable time in which to permit a prisoner who was convicted prior to the enactment of Code § 8.01-654(A)(2) to enforce and protect his rights.  Therefore, we hold that the statute of limitations contained in Code § 8.01-654(A)(2) bars Haas' petition because he was provided a reasonable opportunity to enforce and protect his right to file his habeas corpus petition.

4

We observe that our holding is consistent with the views expressed by the United States Courts of Appeals.  Prior to the enactment of the statute of limitations contained in the Federal Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2244(d)(1), there was no federal statute of limitations that prescribed the time available for a prisoner to file a federal habeas corpus petition.  See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998); Calderon v. United States District Court, 128 F.3d 1283, 1286 & n.1 (9th Cir. 1997), cert. denied, 522 U.S. 1099, and cert. denied sub nom. Beeler v. Calderon, 523 U.S. 1061 (1998).  However, Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts permitted a district court to dismiss a petition "if it appears that the state . . . has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."  The various United States Courts of Appeals have held that a prisoner whose statutory right to seek federal habeas corpus relief accrued before the enactment of the one-year statute of limitations must receive a reasonable period of time after the statute's effective date to file a federal habeas corpus petition and that one year was

5

reasonable.  See Brown, 150 F.3d at 374-76; United States v. Flores, 135 F.3d 1000, 1005-06 (5th Cir. 1998); Burns v. Morton, 134 F.3d 109, 111 (3rd Cir. 1998); Calderon, 128 F.3d at 1286-87; United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

We find no merit in Haas' contention that because Code § 8.01-654(A)(2) creates a two-year statute of limitations for the filing of a habeas corpus petition, a period of two years rather than one year must be deemed reasonable.  The issue that we must consider is what is a reasonable period of time that should be accorded a habeas corpus petitioner whose right to file a habeas corpus petition would have been barred otherwise by the enactment of Code § 8.01-654(A)(2).  In deciding this issue, we are not bound by the time prescribed in the statute of limitations.

Additionally, Haas argues that this Court should conclude that a period of two years is reasonable because a habeas corpus petitioner needs sufficient time to develop a factual basis to support his claims.  We find no merit in this contention because petitioners, like Haas, had time before the enactment of Code § 8.01-654(A)(2) in which to file their claims, and they were accorded the additional benefit of the one-year reasonable period of time after the effective date of

the statute.  In this instance, Haas had almost five years in which to prepare and file his petition for habeas corpus.

Haas contends that the Suspension Clause contained in Article I, § 9 of the Constitution of Virginia requires an exception to the statute of limitations when a petitioner could not have discovered the factual basis of his petition before the expiration of the statute of limitations.  We cannot consider Haas' constitutional claim because, as he admits in his brief, he failed to assert this claim in the circuit court.

In view of our holdings, we need not consider Haas' remaining contentions.  Accordingly, the judgment of the circuit court will be affirmed.

<u>Affirmed</u>.