## CIRCUIT COURT OF ROANOKE COUNTY

Honey Story Unger

v.

Robert Frank Unger

July 28, 2003

Case No. CH02-735

BY JUDGE ROBERT P. DOHERTY, JR.

After an *in camera* review of Plaintiff's medical and psychiatric records in this divorce and custody case, the Court granted Defendant's discovery request for the documents. Prior to the actual delivery of the discovery material, § 20-124.3:1, Code of Virginia (1950), as amended, the new code section which makes the mental health records of a parent kept by a licensed mental health care provider privileged and confidential, became effective. Plaintiff now contends that the Court's discovery ruling has been countermanded by legislative enactment because § 20-124.3:1 creates a new rule of evidence which is procedural and not substantive, and as such is applicable immediately. Defendant argues that he has expended substantial sums of money in reliance on the Court's prior discovery ruling and to deny the discovery at this stage of the proceedings would be manifestly unjust. Defendant further argues that, because Plaintiff has authorized letters from her physician and her psychiatrist to be filed in this case, which letters are based

on the hearsay and self-serving statements of the Plaintiff concerning her relationship with both her husband and her child, she has waived her statutory privilege.

## Retroactive Application

The Defendant's reliance on a portion of § 1-16, Code of Virginia (1950), as amended, is misplaced. That code section only protects a party from the retroactive application of vested and substantive rights. Those rights are not at issue here. Instead, § 20-124.3:1 merely enacts a new rule of evidence. Evidentiary rules are neither vested nor substantive rights. They are instead procedural, and as such can be applied retroactively, or in this case immediately, provided the legislature manifests its intent that the statute be applied retrospectively. *Haas v. Lee*, 263 Va. 273, 276 (2002). A reading of § 20-124.3:1 shows that it is clear and unambiguous on its face. By using the language, "in any case in which custody or visitation of a minor child is at issue. . . ." the legislature has directed that in all such cases previously filed or to be filed in the future, records concerning a parent from a licensed mental health care provider shall be privileged and confidential. That is simply a different way of saying that the statutory privilege may be applied retroactively. Accordingly, the Court finds that the dictates of § 20-124.3:1 apply in this case at this stage of the proceedings.

## Waiver of Privilege

The Court as well as the parties have received the custody assessment in this case from the Department of Social Services. It has attached to it the letters from Plaintiff's physician and her psychiatrist setting forth their opinion of Plaintiff's mental health and her relationship with her husband and with their child. These letter opinions are based upon the treatment and observations of the Plaintiff by the physicians and upon the *ex parte*, and presumably self-serving, hearsay statements of the Plaintiff. They are testimonial in nature and are intended to influence the Court in its decision and to influence the social worker in the preparation of her custody evaluation. They were prepared only after the Plaintiff signed medical releases authorizing them.

To allow the Plaintiff to use her mental health records selectively and offensively as a sword and also to allow her to shield their discovery by use of the statutory privilege against disclosure is improper and will not be allowed.

See *Davis v. Davis*, 233 Va. 452, 456, 457 (1987), for similar law, albeit dealing with the privilege against self-incrimination. Such a result is also contrary to the intent of the legislature when it enacted this statute. By urging the Court and the social worker to base their decisions in part on information concerning Plaintiff's mental health through written testimony and/or records from a licensed mental health care provider, Plaintiff has waived the privilege of non-disclosure and confidentiality afforded her by statute. In addition, these opinion letters being tantamount to testimony in this case, the mental health "provider's records and notes regarding that parent shall be admissible in the court proceedings. . . ." pursuant to subsection B of § 20-124.3:1. Therefore, it is the Court's opinion that the mental health records which were requested in discovery should be delivered to Counsel for Defendant as previously ordered. The remaining medical records which deal with Plaintiff's physical health care shall also be delivered, as the new statutory privilege against disclosure only deals with mental health records.